IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES OLIVER FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:10-cv-865-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, James Oliver Flowers ("Flowers"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Flowers was 52 years old at the time of the hearing before the ALJ. (R. 45). He has a twelfth grade education. (R. 57). His prior work experience includes work as a winder operator and stock clerk. (R. 25). Following the administrative hearing, the ALJ

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

concluded that the plaintiff has severe impairments of "degenerative joint disease; arthritis; left knee bursitus; status post abdominal herniorrhaphy; hypertension; acid reflux disease; major depressive disorder; [and] borderline intellectual functioning." (R. 13). The ALJ determined that Flowers could perform less than a full range of light work, (R. 17), and thus, he was unable to return to his past relevant work, (R. 24-25). Nonetheless, based on the testimony of the vocational expert, the ALJ concluded that there are a significant number of jobs existing in the national economy that Flowers could perform including light bench assembler, janitor, and non-postal mail clerk. (R. 26). Accordingly, the ALJ concluded that Flowers is not disabled. (*Id*.).

**B. The Plaintiff's Claims.** As framed by the plaintiff, the two issues presented are as follows.

1. Substantial evidence does not support the ALJ's step five decision that Mr. Flowers is capable of performing a significant number of jobs in the national economy because it is based on vocational expert testimony that is unreliable.

2. Substantial evidence does not support the ALJ's step five decision because there is no match between the residual functional capacity (RFC) assessment and the hypothetical given to the vocational expert. Specifically, the ALJ's RFC is for less than the full range of light work and the hypothetical was for light exertional work.

(Pl. Br. at 1-2)

### IV. Discussion

At the administrative hearing, in the hypothetical questions posed to the vocational expert ("VE"), the ALJ described the plaintiff's physical limitations as follows.

I'd like you to assume a person who is 52 years old, who has graduated from

> high school, . . . that the person would be limited to the light exertional level; would not be able to engage in the climbing of ladders, ropes, or scaffolds; would need to avoid dangerous heights and machinery; could engage in no more than occasional crouching, crawling or walking; could engage in overhead reaching on only an occasional basis.

(R. at 45).

The ALJ then incorporated different mental limitations in a series of hypothetical questions. In the third hypothetical question, the ALJ included the following mental limitations.

> I'd like you to assume the physical limitations that I gave you in hypothetical number one. I'd like you to forget about the mental limitations that I gave you in hypothetical number one and number two. I'd like you to place them with a limitation to understanding, remembering, and carrying out simple one- and two-step directions and tasks; and I'd like you to assume an inability to make judgment on complex work, work-related issues.

(R. 47).

The VE testified that there were light unskilled jobs in the national economy that the plaintiff could perform. (*Id*.) Specifically, the VE testified that Flowers could perform light work like bench assembler, janitor or housekeeper, and non-postal mail clerk. (*Id*.).

Flowers first asserts that the ALJ's determination that he is able to perform light work as a light bench assembler, light janitorial, or non-postal mail clerk is not supported by substantial evidence because the VE's testimony was not consistent with the Dictionary of Occupational Titles ("DOT"). Specifically, he argues that the jobs described by the VE have a higher reasoning level than he has the residual functioning capacity to perform, and therefore the vocational expert's testimony is either inconsistent with or in conflict with the

5

DOT. The plaintiff also complains that the VE did not adequately resolve conflicts in his testimony with the DOT regarding walking and overhead reaching. The court concludes that Flowers is entitled to no relief on this basis.

The Social Security Administration is not bound by the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999) ("[T]he SSA itself does not consider the DOT dispositive."). "[W]hen the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT . . . because the DOT "is not the sole source of admissible information concerning jobs."" *Id*. at 1229-30. The Eleventh Circuit has held that because the DOT is not comprehensive, reliance on the DOT is strictly within the discretion of the ALJ and "an ALJ may rely solely on the VE's testimony." *Jones*, 190 F.3d at 1230-31. *See also Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011) (not required to weigh both VE testimony and DOT because "the VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job.")

The plaintiff also argues that because the ALJ did not adequately test the VE's testimony by asking the VE more in depth questions about the DOT, his testimony was unreliable and should not be relied upon. The plaintiff is entitled to no relief. "The Commissioner may rely on a VE to "offer relevant evidence within his [] expertise or knowledge concerning the physical and mental demands" of particular jobs. *Leonard v. Commissioner of Soc. Sec.*, 409 Fed. Appx. 298, 301 (11th Cir. 2011). "In this Circuit, a

VE's testimony trumps the DOT to the extent that the two are inconsistent. . . .The ALJ was permitted to base his findings on these three jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT, and was not required to seek further explanation." *Jones v. Commissioner of Soc. Sec.*, 423 Fed. Appx. 936, 939 (11th Cir. 2011).[4]

Finally, the plaintiff complains that "[b]ecause there is no exact match between the hypothetical and the RFC assessment which expressly states that [he] cannot do the full range to light work, substantial evidence does not support the ALJ's step five decision." (Pl's Br. at 19, doc. # 16). In his opinion, the ALJ described the plaintiff's residual functional capacity.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift 10 pounds frequently and 20 pounds occasionally; sit for 6 hours in an 8-hour workday, with normal breaks; limited from any climbing of ladders, ropes, or scaffolds; avoid all dangerous work hazards such as heights and machinery; no more than occasional crouching, crawling, and walking; occasional overhead reaching; limited to understanding, remembering, carrying out simple 1 and 2 step directions and tasks; cannot make judgment on complex work related issues.

(R. at 18-19).

Light work is defined as "lifting no more than 20 pounds at a time with frequent

---

[4] Relying on Social Security Ruling 00-4p, the plaintiff argues that "[n]either the DOT or the vocational expert's testimony "trumps" when there is a conflict." (Pl's Br. at 12, doc. # 16). The Eleventh Circuit specifically rejected the plaintiff's argument in *Jones*, *supra*. "Jones cites SSR00-4p, which provides that "[n]either the DOT nor the [VE's testimony] automatically 'trumps'" and instructs the ALJ to "elicit a reasonable explanation" for a conflict between the two before relying on the VE's testimony. Social Security Rulings are not binding on this Court. To the extent that SSR 00-4p conflicts with *Jones*, we are bound by *Jones*." 423 Fed. Appx. at 939 fn. 4 (citations omitted).

lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).  Jobs in this category also require "a good deal of walking or standing," or "sitting most of the time." *Id*.  In his hypothetical questions to the VE, the ALJ included limitations of light exertional work; unable to climb ladders, ropes, or scaffolds; avoid dangerous heights and machinery; engage in no more than occasional crouching, crawling or walking; engage in overhead reaching on only an occasional basis; limited in understanding, remembering, and carrying out simple one- and two-step directions and tasks; and an inability to make judgment on complex work, work-related issues.  (R. 45, 47).

In his hypothetical questions, the ALJ described the plaintiff's impairments and his residual functional capacity.  In response the ALJ's hypothetical questions, the vocational expert testified that Flowers could perform light unskilled work.  (R. 45-48).  The vocational expert also testified that his description of jobs that constitute light work was consistent with the Dictionary of Occupational Titles.  (R. 47).

Although the ALJ limited the plaintiff to light exertional work, he also included other restrictions, clearly demonstrating that Flowers could not perform a full range of light work.  (R. 45-47).

> If a claimant's RFC precludes him from performing a full range of work at a particular exertional level (i.e., sedentary, light or medium work) or if the claimant is subject to nonexertional limitations, the ALJ ordinarily will consult a VE.  If the ALJ consults a VE, the VE's testimony will constitute substantial evidence if the ALJ "poses[s] a hypothetical question which comprises all of the claimant's impairments."

*Jones v. Commissioner of Soc. Sec.*, 423 Fed. Appx. 936, 938 (11th Cir. 2011).

The ALJ incorporated all of the plaintiff's impairments and detailed his residual functional capacity in his hypothetical questions to the VE. Consequently, the ALJ is entitled to rely on the testimony of the vocational expert.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Given this standard of review, the court finds that the ALJ's decision was supported by substantial evidence.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that the ALJ did not err as a matter of law, the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate final judgment will be entered.

Done this 13th day of January 2012.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE